**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TORIANO JOHNSON,

      Petitioner,                       Civil No. 2:07-CV-10846
                                           HONORABLE VICTORIA A. ROBERTS
                                           UNITED STATES DISTRICT JUDGE

v.

ANDREW JACKSON,

      Respondent,
_____/

## **THIRD ORDER COMPELLING PRODUCTION OF STATE COURT RECORD**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 8, 2007, the Court signed an order of responsive pleading requiring respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by September 5, 2007. Respondent filed an answer to the petition on that date. Respondent, however, failed to file the Rule 5 materials.

On October 22, 2007, Magistrate Judge R. Steven Whalen signed a second order compelling production of state court record, in which he ordered respondent to provide the Rule 5 materials within twenty one days of the order. On November 15, 2007, respondent filed the records from the Michigan Court of Appeals and the Michigan Supreme Court with respect to petitioner's direct appeals and his post-conviction proceedings. However, respondent has failed to provide the transcripts from petitioner's trial in the state court, despite being ordered to do so twice. These trial transcripts are

1

necessary for resolving petitioner's claims.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); *See also Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). Habeas Rule 5 speaks in mandatory terms as to what must be attached to the respondent's answer. *Flamer v. Chaffinch*, 774 F. Supp. 211, 219 (D. Del. 1991). The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F. 3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 Fed. Appx. 448, 450 (6th Cir. 2001).

Based upon the foregoing, the Court orders respondent to produce the trial

2

transcripts in this case within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order. If respondent fails to submit the relevant portions of the record as directed, any doubts as to the record shall be resolved in the petitioner's favor. See *Horton v. Jones*, 2006 WL 2161166, * 1 (E.D. Mich. July 31, 2006).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 20, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 20, 2008.

s/Carol A. Pinegar
Deputy Clerk